ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| New Iraq Ahd Company | ) | ASBCA Nos. 58763, 59286 |
| | ) | |
| Under Contract No. M20133-06-M-6065 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Abbas Abed Mohsin
        Owner

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        CPT Vera A. Strebel, JA
        Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE TUNKS ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

New Iraq Ahd Company (NIAC) appeals from the denials of its alleged claims for payment of the contract amount regarding its contract to supply gravel to the government. ASBCA No. 58763 concerns NIAC's uncertified claim for $180,800. ASBCA No. 59286 concerns NIAC's certified claim for $144,000. The government has moved to dismiss both appeals for lack of jurisdiction based on the failure to certify (ASBCA No. 58763) and failure to comply with the Contract Disputes Act (CDA) statute of limitations (both appeals).[1]

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 31 December 2005, the Joint Contracting Command/Iraq (JCC/I), PARC-Forces, Contracting Office, Fallujah, Iraq, awarded commercial items Contract No. M20133-06-M-6065 to NIAC to deliver 1,600 cubic meters of crushed gravel. The unit price was $113 per cubic meter resulting in a contract price of $180,800. (ASBCA No. 59286 (59286), R4, tab 1 at 1-16) Delivery was required within ten days after "ADC" (after date of contract).

2. The JCC/I terminated the contract for cause on 24 February 2006 for failure to deliver (59286, R4, tab 2).[2]

---

[1] The government's motion of 9 June 2014 to consolidate the appeals and consider its motion as applicable to both appeals was granted by Order dated 28 August 2014.

[2] No appeal was filed from the Termination for Cause.

3. On 8 December 2012, NIAC submitted a request to the contracting officer (CO) for payment of the contract proceeds[3] (ASBCA No. 58763 (58763), R4, tab 1 at 1).[4]

4. On 8 April 2013 the CO informed NIAC that she was not able to locate any files on the contract and would not make the requested payment to NIAC (58763, R4, tab 1 at 2).

5. On 6 July 2013, NIAC filed a notice of appeal from the CO's refusal to make the requested payment. The appeal was docketed as ASBCA No. 58763.

6. On 13 November 2013, the government filed a motion to dismiss ASBCA No. 58763.

7. NIAC submitted a certified claim to the CO on 16 March 2014, eight years after the termination seeking $144,000[5] (ASBCA No. 59286, R4, tab 14 at 4, 5).

8. On 24 March 2014, Ms. Christine A. Fricke, the CO, issued a final decision denying the claim.

9. On 20 April 2014, NIAC appealed that final decision and ASBCA No. 59286 was docketed on 5 May 2014.

## DECISION

It does not require citation that contractor claims under the CDA and FAR must be certified pursuant to that statute and regulation. If a claim is uncertified, this Board lacks jurisdiction because a proper claim has never been filed. NIAC's claim and appeal in ASBCA No. 58763 suffers from this infirmity and must be dismissed without prejudice for lack of jurisdiction.

Under the CDA, 41 U.S.C. § 7103(a)(4)(A), a contract claim, whether that of the contractor or the government, must be "submitted within 6 years after the accrual of the claim." We do not have jurisdiction over a claim that fails to meet this requirement. NIAC, as the proponent of our jurisdiction here, bears the burden of proving the facts sufficient to support our jurisdiction. *Raytheon Missile Systems,* ASBCA No. 58011, 13 BCA ¶ 35,241.

---

[3] NIAC's complaint in ASBCA No. 58763 explains that it did not deliver any gravel because of security problems.

[4] ASBCA No. 58763, Rule 4, tab 1 is a 13 November 2013 statement by the CO, addressed to the Board. It is neither an affidavit nor a declaration. We cite to this document only when it does not appear that the fact being found is in dispute.

[5] The difference, according to NIAC's complaint in ASBCA No. 59286 is that $144,000 represents only the cost of the gravel to NIAC.

2

Although the CDA does not define "accrual of a claim," FAR 33.201 defines the phrase as follows:

> *Accrual of a claim* means the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known. For liability to be fixed, some injury must have occurred. However, monetary damages need not have been incurred.

In order to determine when liability becomes fixed for purposes of claim accrual, we first examine the legal basis of the claim. *Gray Personnel, Inc.*, ASBCA No. 54652, 06-2 BCA ¶ 33,378 at 165,475. The legal basis for NIAC's claim is that it has not been paid the contract proceeds. We know little else regarding the legal theory under which NIAC claims entitlement.[6] NIAC's claim accrued on the date when all events that fixed the government's alleged liability and permitted assertion of the claim, were known or should have been known. In this case, all events that fix the liability of the government and permit NIAC to assert a claim were known on 24 February 2006, the date on which the government terminated NIAC for cause. No material events have occurred since that date.[7] In order for NIAC's claim to be timely under the CDA, it had to have been filed on or before 24 February 2012. NIAC did not file its certified claim until 16 March 2014, two years after the expiration of the statute of limitations. As a result, we lack jurisdiction to decide ASBCA No. 59286.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. The appeals are dismissed for lack of jurisdiction.

Dated: 22 October 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[6] As stated earlier, NIAC did not appeal the termination of its contract.

[7] Certainly the date when the CO first told NIAC that it would not be paid the contract proceeds cannot fix the relevant date. Otherwise, NIAC could put off indefinitely the accrual rate by not requesting the contract proceeds.

3

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58763, 59286, Appeals of New Iraq Ahd Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4